Pfeifer, J.,
dissenting.
{¶ 63} I join Justice O’Neill’s excellent dissent.
{¶ 64} “Tort reform,” however misguided and unconstitutional, was designed to protect doctors and corporate interests. See Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 163 (Pfeifer, J., dissenting). Today, we learn that “tort reform,” not surprisingly, had unintended conse *324 quences. It turns out that “tort reform” (and the justices who sanctioned it) also ensured that rapists and those who enable them will not have to pay in full for the damage they cause—even if they rape a child. It is past time for the General Assembly (and this court) to reconsider “tort reform” and return the authority to determine damages to juries, where it rightfully and constitutionally belongs.